UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAMON T. GEE, )
)
      Petitioner )
)
v. ) CAUSE NO. 3:08-CV-118 RM
)
SUPERINTENDENT, WABASH )
VALLEY CORRECTIONAL FACILITY, )
)
      Respondent )

OPINION AND ORDER

Petitioner Damon Gee, a prisoner confined at the Wabash Valley Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with loss of earned credit time in a disciplinary hearing at the Miami Correctional Facility ("MCF"). On February 19, 2007, MCF investigator Lorna Harbaugh prepared a conduct report charging Mr. Gee with trafficking with a person who was not an offender residing in the same facility. Eight days later, a disciplinary hearing board ("DHB")[1] found Mr. Gee guilty, sentenced him to be transferred to a higher security facility and to one year in disciplinary segregation, imposed a loss of 180 days of earned credit time, and demoted him to a lower credit time earning classification. Mr. Gee appealed unsuccessfully to the facility superintendent and the final reviewing authority.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural

---

[1] In his submissions, Mr. Gee refers to the DHB as "CAB."

protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, Wolff v. McDonnell, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. 445, 455 (1985).

The court reviewed Mr. Gee's petition for writ of habeas corpus pursuant to to Rule 4 of the Rules Governing Section 2254 Cases and granted him leave to proceed on his claim that he was denied the right to present exculpatory evidence and his claim that there was insufficient evidence to find him guilty. The court dismissed his claims that the DHB did not follow rules set forth by the Indiana Department of Correction.

In his response to order, Mr. Gee argued several points of evidence and sufficiency of the evidence. In his traverse, Mr. Gee asserts that the respondent misstated his claims which, even if true, probably arose from the vague and confusing statement of the issues Mr. Gee provided in his petition. The court will take the version of Mr. Gee's claims presented in his traverse as his best statement of his claims, and will review the arguments he presents in his traverse and in his institutional appeal, which the respondent submitted as part of the administrative record.

Mr. Gee states in his traverse that "(d)ue process [was] violated where the CAB denied Damon T. Gee the right to access to exculpatory evidence and the right to present

witness statement." (Docket #13-2 at. p. 3). He further argues that "(i)n Damon T. Gee's case the CAB violated due process by not viewing the exculpatory evidence and by not confirming (the) confidential informant's reliability." (*Id* at p. 5).

Mr. Gee makes an extensive argument about what a disciplinary hearing board must do to rely on information from confidential informants. The respondent's response to order doesn't address the confidential informant question, probably because the petition for writ of habeas corpus and its attachments don't present information provided by a confidential informant as an issue.

If the petition presented a confidential informant issue and the DHB really relied on a confidential informant to find him guilty, Mr. Gee's confidential informant arguments might have some relevance to this proceeding. But the administrative record establishes that the institutional investigator didn't rely on a confidential informant to charge Mr. Gee (docket #10 Exhibit A), that the DHB didn't use a confidential witness's statements to find him guilty (docket #10 Exhibit H), and that Mr. Gee didn't not raise any claim regarding a confidential informant in ins institutional appeal. (Dockets #10 Exhibits I and K).

The investigator charged Mr. Gee with trafficking because he "was caught with a cellular phone" in his possession and because the cell phone's owner admitted to trafficking with Mr. Gee by providing him with the cell phone and other contraband. (docket #10 Exhibit A). The investigator discovered who bought the cell phone found in Mr. Gee's possession, interviewed her, and she "admitted to trafficking the cell phone, tobacco and marijuana to Offender Gee . . ." (*Id.*). The investigator then "showed [Mr. Gee]

3

the name [of the cell phone owner and] he stated just tell her I didn't talk." (*Id.*). Because the investigator showed Mr. Gee the name of the cell phone owner she can hardly be considered a "confidential" informant. And from his response to the investigator, Mr. Gee recognized the name of woman who bought the cell phone. At the hearing, Mr. Gee could have made his own statement about his relationship and interactions with the owner of the cell phone — or denied that he had any relationship or interactions with her — but he did not do so.

In his traverse, Mr. Gee states that his due process rights were "violated where the CAB denied [him] the right to access to exculpatory evidence and the right to present [an] exculpatory witness statement." (Docket #13-2 at p. 3). Mr. Gee didn't request any witnesses at screening (docket #10 Exhibit G), and the record doesn't reflect that he asked for witnesses between the screening hearing and the DHB hearing. In his institutional appeal, Mr. Gee doesn't assert denial of witness statements by any person except himself. (Docket #10 Exhibit K). Mr. Gee made statements to the investigator, and apparently Indiana Department of Correction ("IDOC") rules allow inmates to request a copy of their own statements. Mr. Gee asserts in his institutional appeal that the DHB denied him access to his own statement. (*Id.*).

IDOC rules may require that — at a disciplinary hearing — a prisoner accused of misconduct should be given a copy of any statements he may have made to the investigator. But <u>Wolff v. McDonnell</u> does not require this. The conduct report contains a summary of statements that Mr. Gee made to the investigator and, as described in the

conduct report, his statements were not exculpatory. Moreover, to the extent his statements might have been exculpatory, Mr. Gee was present at the hearing and could have made exculpatory statements on his own behalf — including repeating any exculpatory statements he made to the investigator. According to the Report of Disciplinary Hearing, however, at the hearing Mr. Gee stated "I have nothing to say," (Docket #10 Exhibit H), waiving his right to testify, present favorable evidence, and make exculpatory statements. The administrative record establishes that the DHB didn't deny Mr. Gee the right to present exculpatory evidence, or improperly use statements by a confidential informant against him, or deny him due process in the disciplinary action against him.

Mr. Gee filed a brief in support of application for writ of habeas corpus along with his petition for writ of habeas corpus. On page five of that brief he asserts that the DHB "failed to meet the some evidence burden of proof required."

The amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest; there need only be "some evidence" to support the decision of the prison disciplinary board." Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. at 455. The "some evidence" standard "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457. A reviewing court must uphold a finding of guilt if "there is any evidence in the record that could support the conclusion reached" by the board. *Id.* at 457. In this case, the conduct report states that a cell phone was found in Mr. Gee's possession and that the original owner of the cell phone admitted giving it to him. This provides more than sufficient evidence to support a finding

of guilt on the charge of trafficking.

      For the foregoing reasons, the court DENIES this petition.

      SO ORDERED.

      DATED: October  22 , 2008

                                                /s/ Robert L. Miller, Jr.  
                                              Chief Judge  
                                              United States District Court